IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CUONG LOW BACCAM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-1395-KC |
| | § | |
| TODD BLANCHE et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On this day, the Court considered Cuong Low Baccam's Petition for a Writ of Habeas Corpus, ECF No. 1.  Baccam is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶¶ 7, 17.

Baccam came to the United States in 1976 as a refugee.  *Id.* ¶ 12.  He was born in Laos in 1971 to Vietnamese parents who left Vietnam for Laos during the Vietnam War.  *Id.*  As a result, Baccam alleges, he "is not recognized as a citizen of any country."  *Id.*  Shortly after his arrival in the United States, Baccam received a green card.  *Id.*  However, due to a criminal conviction in 1996, Baccam was placed in removal proceedings and ordered removed on July 10, 1998.  *Id.* ¶ 13. However, Baccam was not removed, instead, he was released under an order of supervision on February 17, 1999.  *Id.*; Resp. 3–4, ECF No. 4.  In 2008, Baccam was convicted of Driving While Under the Influence in the fourth degree.  Resp. 4.  He was taken into immigration custody for ninety days and then released under the Alternative to Detention  ("ATD") program.  *Id.*; Pet. ¶ 14.  In 2010, he was terminated from the ATD program.  Resp. 4.

On February 7, 2026, Baccam was arrested and re-detained by immigration authorities.  *Id.*; Pet. ¶ 16.  On May 18, 2026, Baccam filed the instant Petition, challenging his detention as unlawfully prolonged.  *See* Pet.  Baccam argues that the likelihood of his removal has not changed

since he was first ordered removed, as "he has no ties to Laos or Vietnam sufficient to facilitate removal." *Id.* ¶ 20. He has now been detained continuously for nearly six months, and he has been detained by immigration authorities for more than thirteen months, in the aggregate, since entry of his final removal order in 1998.

On May 19, 2026, the Court ordered Respondents to show cause why Baccam's Petition should not be granted. May 19, 2026, Order, ECF No. 3. Respondents argued that that Baccam's continued detention is lawful because his "removal is, in fact, significantly likely in the reasonably foreseeable future." Resp. 3. The Court has since ordered Respondents to file two status reports detailing their efforts to obtain travel documents from Vietnam on Baccam's behalf. *See* May 28, 2026, Order, ECF No. 6; July 1, 2026, Order, ECF No. 9. On July 30, Respondents filed their most recent status report. *See* 2d Status Report, ECF No. 10.

A noncitizen who has been ordered removed may be detained to effectuate his removal only for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.* A growing consensus of district courts have held that the 6-month threshold detention period "is cumulative and that periods of re-detention should be aggregated with the initial period of detention following the final removal order." *See Avdulovic v. Tate*, No. 25-cv-5873, 2025 WL 4640735, at *1 n. 1 (S.D. Tex. Dec. 22, 2025) (collecting cases); *Garcia-Aleman v. Thompson*, No. 5:26-cv-886-OLG, 2025 WL 3534806, at *4 (W.D. Tex. Nov. 24, 2025), report and recommendation adopted, 2025 WL 3532179 (Dec. 9, 2025). The Court finds these decisions persuasive and follows them, here. *See Le v. Bondi*, --- F. Supp. 3d ----, 2026 WL 1138362, at *3 (S.D. Tex. Apr. 21, 2026) (citing *Advulovic*, 2025 WL 4640735, at *1 n.1).

Baccam was previously detained from July 10, 1998, to February 17, 1999, which is 222 days, or about seven months, following the entry of his removal order. *See* Pet. ¶ 13; Resp. 3–4. He was detained again for about ninety days in 2008. Resp. 4. Now, he has been detained since February 7, 2026, nearly six months. Therefore, Baccam has been detained far longer than the six month presumptively reasonable period set forth in *Zadvydas*, in the aggregate. *See generally* Pet.; Resp. 3–4.

In terms of removal efforts, Respondents submitted a travel document request on Baccam's behalf to Vietnam on June 18, 2026. Alaniz Decl. ¶¶ 5–7, ECF No. 7-1. But as of late June, there were "no updates currently." *Id.* ¶ 5. According to the Declaration of Thao Ha, Ph.D., ECF No. 8-1, submitted by Baccam, the only travel document Vietnam issues is a passport, and to obtain a passport, one must be a citizen. *Id.* ¶ 10. And to prove citizenship, one must provide proof of a Vietnamese birth certificate or household registration book. *Id.* ¶ 11. Thus, according to Ha, it is unlikely that Baccam, who was not born in Vietnam and came to the United States before 1995, will be able to prove his citizenship to obtain a travel document. *See id.* ¶¶ 5, 9–12, 17, 20–22. In light of this information, the Court ordered Respondents file a status report in a month stating whether Vietnam had approved the travel document request, and if not, to specifically state (a) the anticipated timeline for approval, (b) whether the fact that Baccam was born in Laos is an obstacle to Vietnam approving the travel document request, and if so, the concrete steps taken to overcome this obstacle; (c) whether Baccam is missing any documents required to obtain a travel document from Vietnam, and if so, the concrete steps taken to overcome this obstacle; and (d) whether the fact that Baccam came to the United States before 1995 is an obstacle to Vietnam approving the travel document request, and if so, the concrete steps taken to overcome this obstacle. July 1, 2026, Order 2–3. The Court also warned Respondents that if Vietnam had not approved the travel document request by that time, Respondents had to provide concrete details regarding the anticipated timeline for Vietnam's approval and any obstacles. *Id.* at 3.

Respondents contend that Baccam's birth in Laos is not obstacle to Vietnam's approval "since both parents were born in Vietnam." 2d Alaniz Decl. ¶ 7, ECF No. 10-1. However, they also state that Baccam has no Vietnamese documents and they have not been able to obtain any Vietnamese documents for Baccam's parents. *See id.* ¶ 8. Respondents do not contest Dr. Ha's assertion that proof of citizenship is required for Vietnam to issue a travel document. *See generally id.*; 2d Status Report. As for Baccam's status as a pre-1995 refugee, Respondents respond that "RIO DDO advised there is significant likelihood of removal in the reasonabl[y] foreseeable future since the change of administration regardless of entry into the United States." *Id.* ¶ 9. But, despite being ordered to provide concrete details of the anticipated timeline for Vietnam's approval of Baccam's travel document request, Respondents state that "[t]he anticipated timeline . . . is currently unknown." *Id.* ¶ 6.

Baccam has been detained well beyond the six-month presumptively reasonable period and has identified significant obstacles to Vietnam's approval of the travel document request. *See generally* Ha Decl. Thus, Baccam has met his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Respondents must rebut this showing by either demonstrating that Baccam's removal is likely in the reasonably foreseeable future or deporting him.

Respondents provide no anticipated timeline for Vietnam's approval of Baccam's travel document request, nor do they appear to have taken any steps to obtain an anticipated timeline from Vietnam. *See generally* 2d Alaniz Decl.; Resp. Moreover, Respondents admit that they do not have any Vietnamese documents for Baccam or his parents, and they do not contest that such documents are necessary to obtain a travel document. *See* 2d Alaniz Decl. ¶ 8. Nevertheless, the Court affords Respondents a final opportunity to remove Baccam. If Respondents are unable to remove him in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in

4

the reasonably foreseeable future. *Id.* at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART**. *See id.* The Court **ORDERS** that, **on or before August 18, 2026**, Respondents shall either lawfully **REMOVE** Baccam from the United States or **RELEASE** Baccam from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before August 18, 2026**, Respondents shall **FILE** notice informing the Court whether Baccam has been removed from the country or released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the August 18, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

SIGNED this 4th day of August, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5